**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Center for Biological Diversity**,<br><br>Plaintiff,<br><br>v.<br><br>**David Bernhardt,** in his official capacity as Secretary of the United States Department of Interior, *et al.*,<br><br>Federal Defendants. | Case No. 18-cv-2576-RC<br><br>**FEDERAL DEFENDANTS' SECOND MOTION FOR RELIEF FROM THE REQUIREMENTS OF LOCAL RULE 7(N) & MEMORANDUM IN SUPPORT** |

Federal Defendants renew their motion and continue to seek relief from the requirement under Local Civil Rule 7(n) to file a certified list of the contents of the administrative record simultaneously with the filing of any dispositive motion. *See* ECF 12 (prior Motion for Relief). Pursuant to Local Civil Rule 7(m), counsel for Federal Defendants conferred with counsel for Plaintiff. Plaintiff continues to take no position on this Motion.

This motion relates to Federal Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), filed today. The pending Motion to Dismiss raises purely legal questions or questions related to Plaintiff's standing and failure to state a claim that do not depend on an administrative record.

Because Federal Defendants' Motion to Dismiss raises questions that do not depend on an administrative record, the Court will not require the agency's administrative record or a certified list of its contents. Furthermore, the Court must decide the jurisdictional issues raised by the Motion to Dismiss prior to proceeding to the merits and, if the Motion to Dismiss is granted, no administrative record will be required in this case. Thus, it would be a potential waste of

scarce agency resources for Federal Defendants to gather and review an administrative record before the Court decides the Motion to Dismiss, as well as unnecessary in light of the purposes of Local Civil Rule 7(n).

In further support of this motion, Federal Defendants state the following:

1. Effective October 1, 2013, this Court amended its local rules. Among other changes, new Local Civil Rule 7(n) requires that:

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

The Rule appears on its face to require the agency to file a certified list of the contents of the administrative record with the Court simultaneously with the filing of *any* dispositive motion, including a motion under Fed. R. Civ. P. 12(b).

2. The Amended Complaint challenges what Plaintiff terms the "Species Status Assessment program" or SSA Program which, it alleges, is used to develop SSAs, or documents that synthesize scientific information about a species and are used to inform ESA decisions for that species. *See* First Am. Compl. for Decl. & Inj. Relief ("Am. Compl.") ¶¶ 1-2, 46. Plaintiff alleges that Federal Defendants should have allowed notice and an opportunity for comment on draft and final guidelines implementing the SSA "program." *Id.* at ¶¶ 52-70. Judicial review of the merits of Plaintiff's substantive claims would require preparation of an administrative record. *See* 5 U.S.C. § 706 (a reviewing court "shall review the whole record or those parts of it cited by a party . . . .").

3. The Court will not require the administrative record to adjudicate Federal Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). In reviewing a motion to

dismiss under Rule 12(b)(1), which makes a facial attack on the complaint, a court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Ord v. Dist. of Columbia*, 587 F.3d 1136, 1140 (D.C. Cir. 2009), *quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975). The Court "'may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone;'" however, "'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003), *quoting Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). *See also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). Thus, the Court may consider certain materials outside of the pleadings, but need not review the administrative record or an index thereof.

4. Likewise, the Court does not require the administrative record or index to adjudicate a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In their Motion to Dismiss, Federal Defendants argue, in part, that Plaintiff fails to challenge final agency action, a question that can be answered without an administrative record. Moreover, in reviewing a motion for failure to state a claim upon which relief can be granted, a court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated [by reference] in the complaint and matters of which [the court] may take judicial notice." *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006), *quoting EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997).

5. The stated purpose of Rule 7(n) is "to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion." Local Civ. R. 7(n) (comments). This suggests that the rule is intended to apply only to those dispositive motions that are based on the agency's administrative record, such as motions for summary judgment.

6. Federal Defendants base their Motion to Dismiss upon the Amended Complaint and the documents cited in the Amended Complaint. Federal Defendants do not cite any other documents in support of their Motion to Dismiss, other than the Department of the Interior's Departmental Manual. Since no additional agency documents are relevant to the issues raised in Federal Defendants' motion, a certified list of the contents of the administrative record will not be necessary for the Court to decide that motion. In addition, as explained in the Motion to Dismiss, Plaintiff does not clearly explain what "guidelines" it believes underpin the so-called SSA Program that it challenges, Am. Compl. at ¶¶ 1, 4, 54, 59, 66, and thus preparing a record at this stage of the case will be challenging and risks wasting scarce agency resources and staff time particularly given the jurisdictional flaws in the Complaint.

7. The Court must determine that it has jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *see also Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, 'the Supreme Court [has] held 'that Article III jurisdiction is always an antecedent question' to be answered prior to any merits inquiry.'") (*quoting Public Citizen v. U.S. Dist. Court for the Dist. of Columbia*, 486 F.3d 1342, 1346 (D.C. Cir. 2007)). Unless the Court determines that it has jurisdiction over the action and will proceed

to the merits of Plaintiff's claims, preparation of the administrative record and index for the so-called SSA Program will be unnecessary. If the Court grants the Motion to Dismiss, it will obviate the need for Federal Defendants to compile and file an administrative record.

8.  The D.C. Circuit has long recognized that a court can resolve APA claims at the motion to dismiss stage without the administrative record if the record is not germane to the issues presented in the motion to dismiss. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming district court's dismissal of Plaintiff' claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss). "When presented with a motion to dismiss for failure to state a claim, the district court may, in appropriate circumstances, reach the merits *even in the absence of the administrative record*, as when the parties' arguments can be resolved with reference to nothing more than the relevant statute and its legislative history." *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 112 (D.D.C. 2011) (emphasis added).

9.  Defendants note that courts in this district routinely grant government requests to defer filing of a certified list of the contents of the administrative record. *See, e.g.*, *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (Contreras, J.); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (Contreras, J.); *Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (Leon, J.) (granting motion to dismiss and finding lack of certified list of contents of the administrative record "immaterial" to the Court's resolution of the motion to dismiss); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 93 n.2 (D.D.C. 2014) (Lamberth, J.); *see also* Dec. 23, 2013 Minute Order granting defendants' motion for relief from L. Civ. R. 7(n), *Friends of Animals v. Ashe*, No. 13-cv-1580-BAH (D.D.C. Dec. 23, 2013)

(Howell, J.); Minute Order, *Oregonians for Floodplain Prot. v. U.S. Dep't of Commerce*, No. 1:17-cv-01179 (D.D.C. Sept. 4, 2017) (Leon, J.); Minute Order, *Fitzgerald v. Fed. Transit Admin.*, No. 1:14-cv-01471-RJL (D.D.C. Feb. 17, 2015) (Leon, J.); Minute Order, *U.S. Ass'n of Reptile Keepers, Inc. v. Jewell*, No. 1:13-cv-02007-EGS (D.D.C. Jan. 28, 2014) (Sullivan, J.).

10. If the Court denies the Motion to Dismiss in whole or in part, Federal Defendants expect the parties to file cross-motions for summary judgment, which will be reviewed on the basis of the applicable administrative record. In that event, Federal Defendants will confer with the parties within 14 days after the Court's order and propose a schedule for litigating those motions including a filing deadline for the administrative record index.

In light of the foregoing, Federal Defendants respectfully request that they be excused from the requirement to file a certified list of the contents of the administrative record.

Dated: April 12, 2019

Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

*/s/ Andrea Gelatt*
ANDREA GELATT, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station. P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0388
Fax: (202) 305-0275
***Counsel for Federal Defendants***

Of Counsel:
Helen Speights
U.S. Department of the Interior
Office of the Solicitor
Atlanta, Georgia