UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Center for Biological Diversity**, | )<br>)<br>) |
| Plaintiff, | ) Case No. 18-cv-2576-RC<br>) |
| v. | )<br>) |
| **David Bernhardt,** in his official capacity as Secretary of the United States Department of Interior, *et al.*, | )<br>)<br>)<br>) |
| Federal Defendants. | )<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On April 12, 2019, Federal Defendants filed a motion to dismiss the amended complaint. ECF No. 17 ("Defs.' Mot. to Dismiss"). The parties completed briefing on the motion on May 23, 2019. ECF Nos. 19, 20. Since that time, the D.C. Circuit has issued two opinions relevant to an issue raised in the motion to dismiss: whether Plaintiff challenges a final agency action in its amended complaint.

First, on August 20, 2019, the D.C. Circuit issued a decision in *California Communities Against Toxics v. EPA*, 934 F.3d 627 (D.C. Cir. 2019), dismissing a lawsuit challenging an Environmental Protection Agency ("EPA") memorandum to all Regional Air Division Directors which stated the agency's interpretation of a provision of the Clean Air Act regarding which sources are classified as "major" under that statutory framework. Contrary to Plaintiff's arguments in this case, *see* ECF No. 19 ("Pl.'s Resp.") at 23-24, the D.C. Circuit found that a claim that an agency action was "procedurally defective under the Administrative Procedure Act ("APA") . . . because EPA failed to provide notice and comment before issuing it" could proceed only if it challenged a "final agency action" as defined by the APA. *Cal. Communities*, 934 F.3d at 631

1

(citations omitted). Plaintiff's attempt to characterize its claims as failure to act claims unbound by the final agency action requirement is inconsistent with this binding case law. *See also* ECF No. 20 ("Defs.' Reply") at 14-15. The D.C. Circuit also "emphasize[d]" that "the finality analysis is . . . distinct from the test for whether an agency action is a legislative rule," triggering the requirement for notice-and-comment under the APA, 5 U.S.C. § 553. *Cal. Communities*, 934 F.3d at 631, 635. This decision makes clear that Plaintiff's attempt to dodge the final agency action requirement and focus instead on the merits question of whether notice-and-comment is required by the APA or the Endangered Species Act is misguided. *See* Pl.'s Resp. at 26-28.

The *California Communities* case held that the challenged EPA memorandum was not a final agency action because it had no "direct and appreciable legal consequences." *Cal. Communities*, 934 F.3d at 640. The memorandum "[did] not require anyone to do anything," could not be relied upon as legal authority "in any proceeding," created no penalty or liabilities for regulated entities, and would be subject to judicial review at a later time if applied in a future final agency action. *Id.* For the same reasons, the 2016 Species Status Assessment ("SSA") Framework and other unidentified "guidelines" challenged in this case are not final agency actions. *See* Defs.' Mot. to Dismiss at 17-20.

Second, the D.C. Circuit rendered a decision on October 25, 2019 in *California by and through Brown v. EPA*, 940 F.3d 1342 (D.C. Cir. 2019). The Court found that an EPA determination withdrawing a previous determination regarding greenhouse gas emission standards for vehicles was not a "final agency action" because it did not actually alter the emissions standards; it merely stated the agency's intention to conduct a rulemaking to revise the standards. *Id.* at 1350-52. Even if the determination was viewed as "creating a legal obligation for [the agency] to conduct a rulemaking," this commitment to an internal agency process did not

substantively alter the legal obligations of any party. *Id.* at 1352. Similarly, even if the SSA Framework expresses the non-binding intent of the agency to engage in a certain process when evaluating decisions pertaining to the ESA, it does not create any legal rights or obligations or have other legal consequences. *See* Defs.' Mot. to Dismiss at 17-20.

These two cases further support Federal Defendants' argument that Plaintiff has failed to challenge final agency action, and thus its claims should be dismissed.

Respectfully submitted January 10, 2020.

                              JEAN E. WILLIAMS,
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Asst. Section Chief

/s/ *Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney, D.C. Bar No. 1022195
Wildlife and Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0201 (tel.)
(202) 305-0275 (fax)
devon.flanagan@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:
Helen Speights
U.S. Department of the Interior
Office of the Solicitor
Atlanta, Georgia